IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JARED MICHAEL LETOSKY, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No. 15-744 ) |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) ) |

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are cross Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed his application alleging he had been disabled since December 31, 2005. (ECF Nos. 8-5, p. 2). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on December 11, 2014. (ECF No. 8-2, pp. 37-73). On January 6, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 20-31). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 10 and 12). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

2

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

B.  **Residual Functional Capacity ("RFC")**[1]

Plaintiff argues that the ALJ erred in giving little weight to the "highly supported opinion" of treating physical therapist, Thomas Luncher. (ECF No. 11, pp. 7-10). The entirety of Plaintiff's argument in support thereof is that there is evidence to support PT Luncher's opinion. *Id.* To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced and cannot serve as the basis for remand.

Nonetheless, I have reviewed the evidence. In weighing PT Luncher's opinion, the ALJ appropriately recognized that physical therapists are not "acceptable medical sources" and,

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 404.1545(a).

3

therefore, PT Luncher's opinions are not entitled to controlling weight. *Hartranft v. Apfel,* 181 F.3d 358, 361 (3d Cir. 1999); see also, 20 C.F. R. §416.913(a) and §404.1513(a), (e). As such, this evidence must be weighed with the rest of the evidence. This is exactly what the ALJ did. (ECF No. 8-2, p. 28). She weighed it with the rest of the evidence and found it to be inconsistent with the evidence of record. *Id.* After a review of the record, I find this reason is appropriate and supported by substantial evidence. As a result, I find no error in this regard.

Plaintiff next argues that the ALJ erred in giving little weight to the "highly supported opinion" of consultative examiner, Dr. Deines. (ECF No. 11, pp. 10-13). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, the Plaintiff first submits that the ALJ discounted the opinion of Dr. Deines based upon improper grounds. (ECF No. 11, p. 11). Specifically, Plaintiff suggests that it was

4

improper to discount the opinion because Dr. Deines only examined Plaintiff once. I agree with Plaintiff that consultative examiners are used every day and become the evidentiary basis for decisions. This is not to say that consultative examiners, necessarily, are to be given significant weight. Rather, an ALJ is required to weigh the same according to the rules set forth above. To be clear, state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). Thus, to discount the opinion on the basis that it was a one-time examination is an error.

This error, however, does not warrant remand because the ALJ discounted Dr. Deines' opinion for other appropriate reasons. (ECF No. 8-2, p. 29). Specifically, the ALJ gives Dr. Deines' opinion little weight because "her opinion seems to be based entirely on the claimant's subjective complaints and is not supported by other evidence of record." *Id.* With regard to the first reason, I note that "a medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir. 2005) (citation omitted). Moreover, Plaintiff does not attack the ALJ's credibility finding. *See,* ECF No. 11. Thus, I find the ALJ did not err in discounting Dr. Deines' opinion based on the rationale that it was based on Plaintiff's subjective complaints.

With regard to the second reason for discounting Dr. Deines' opinion, after a review of the record, I find the entirety of the ALJ's opinion regarding Plaintiff's RFC provides an adequate explanation of how Dr. Deines' opinion was not supported by the other evidence of record. *See,* ECF No. 8-2, pp. 27-29. This is an appropriate, valid and acceptable reason for discounting opinion evidence. *See,* 20 C.F.R. §; 416.927 (Evaluating Opinion Evidence). Therefore, I find the ALJ's determination to assign Dr. Deines' opinion little weight was based on substantial evidence. Consequently, remand is not warranted on this basis.

Plaintiff also argues that the ALJ erred in giving Dr. Deines' opinion little weight because Dr. Deines' opinion is actually supported by the record. (ECF No. 12, pp. 12-13). Again, the standard is not whether there is evidence to establish Dr. Deines' opinion but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced and does not serve as an adequate basis for remand.

### C. <u>Vocational Expert</u>

Plaintiff submits that the ALJ's hypothetical question was incomplete and not based on substantial evidence. (ECF No. 11, pp. 13-14). Specifically, Plaintiff argues that the ALJ failed to take into consideration the limitations set forth by PT Luncher and Dr. Deines. *Id.* An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). As set forth above, the ALJ properly gave PT Luncher's and Dr. Deines' opinions little weight. Furthermore, based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 8-2, pp. 20-31). Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JARED MICHAEL LETOSKY,            )
                                  )
           Plaintiff,             )
                                  )
     -vs-                         )    Civil Action No.  15-744
                                  )
CAROLYN W. COLVIN,                )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
           Defendant.             )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 12th day of April, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                              BY THE COURT:

                              s/  Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge